The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* KUSHWINDER SINGH,<br><br>Plaintiff,<br><br>v.<br><br>ALEDADE, INC., *et. al.,*<br><br>Defendants. | CASE NO. 2:21-cv-0410-KKE<br><br>**ALEDADE, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendant Aledade, Inc. ("Aledade"), by and through its counsel, answers and submits affirmative defenses and counterclaims to the Second Amended Complaint ("SAC") of Plaintiff Kushwinder Singh ("Plaintiff").

**ANSWER**

In responding to the SAC, Defendant denies all allegations contained therein unless specifically admitted below. Paragraph numbers in this document correspond to the paragraph numbers of the SAC. Within each paragraph, if an allegation is not expressly admitted, it is denied.

**I.     PARTIES**

1.1     Aledade lacks the knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 1.1, and on that basis denies them.

ALEDADE'S ANSWER AND COUNTERCLAIM  - 1
(No. 2:21-cv-0410-KKE)

Corr Cronin, LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600

1.2     Aledade admits the allegations in Paragraph 1.2.

## II.     JURISDICTION AND VENUE

2.1     The allegations contained in Paragraph 2.1 are legal conclusions to which no response is required.

2.2     The allegations contained in Paragraph 2.2 are legal conclusions to which no response is required.

## III.     FACTS

3.1     Aledade admits that it owns and operates Accountable Care Organizations (ACOs) and that Aledade provides services to ACOs in its network. Aledade denies all other allegations in Paragraph 3.1.

3.2     Aledade admits that ACOs in Aledade's network are comprised of independent primary care providers within a geographic region. Aledade denies all other allegations in Paragraph 3.2.

3.3     Aledade admits the allegations in Paragraph 3.3.

3.4     Aledade lacks knowledge or information sufficient to form a belief as to Plaintiff's basis for the allegations contained in Paragraph 3.4 of the SAC and on that basis denies them and denies any allegations of wrongful conduct by Aledade.

3.5     Aledade denies the allegations contained in Paragraph 3.5 of the SAC and denies any allegations of wrongful conduct by Aledade.

3.6     Aledade admits that Plaintiff met with Aledade's Deputy General Counsel in February of 2021. Because that was a privileged and confidential attorney-client communication, Aledade can neither admit nor deny any allegation concerning the subject matter or substance of that communication. Aledade denies any allegations of wrongful conduct by Aledade.

3.7     Aledade admits that Plaintiff submitted a form report via Aledade's Compliance Department webpage describing his views regarding certain of Aledade's practices. Aledade

ALEDADE'S ANSWER AND COUNTERCLAIM - 2
(No. 2:21-cv-0410-KKE)

Corr Cronin, LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600

denies all remaining allegations contained in Paragraph 3.6 of the SAC and denies any allegations of wrongful conduct by Aledade.

3.8    Aledade denies the allegations contained in Paragraph 3.8 of the SAC and denies any allegations of wrongful conduct by Aledade.

3.9    Aledade admits that Plaintiff was terminated on or about May 10, 2021. Aledade denies the remaining allegations contained in Paragraph 3.9 of the SAC.

## IV.    CAUSES OF ACTION

### First Cause of Action

### (Retaliation)

4.1    The allegations contained in Paragraph 4.1 are legal conclusions to which no response is required.  To the extent any allegation is an allegation of fact regarding Aledade, Aledade denies such allegations.

4.2    Aledade lacks knowledge or information sufficient to form a belief as to Plaintiff's basis for the allegations contained in Paragraph 4.2 of the SAC and on that basis denies them, and denies any allegations of wrongful conduct by Aledade.

4.3    The allegations contained in Paragraph 4.3 are legal conclusions to which no response is required.  To the extent any allegation is an allegation of fact regarding Aledade, Aledade denies such allegations.

4.4    Aledade denies the allegations contained in Paragraph 4.4 of the SAC.

4.5    Aledade denies the allegations contained in Paragraph 4.5 of the SAC.

### Second Cause of Action

### (Wrongful Discharge in Violation of Public Policy)

4.6    The allegations contained in Paragraph 4.6 are legal conclusions to which no response is required.  To the extent any allegation is an allegation of fact regarding Aledade, Aledade denies such allegations.

ALEDADE'S ANSWER AND COUNTERCLAIM  - 3
(No. 2:21-cv-0410-KKE)

Corr Cronin, LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600

4.7 The allegations contained in Paragraph 4.7 are legal conclusions to which no response is required. To the extent any allegation is an allegation of fact regarding Aledade, Aledade denies such allegations.

4.8 Aledade denies the allegations contained in Paragraph 4.8 of the SAC.

4.9 Aledade denies the allegations contained in Paragraph 4.9 of the SAC.

## V. RESERVATION OF RIGHTS

5.1 Paragraph 5.1 does not assert factual allegations and no response is required. To the extent any allegation is an allegation of fact regarding Aledade, Aledade denies such allegations.

5.2 Paragraph 5.2 does not assert factual allegations and no response is required. To the extent any allegation is an allegation of fact regarding Aledade, Aledade denies such allegations.

## VI. DAMAGES

6.1 Aledade denies that Plaintiff is entitled to the damages outlined in Paragraph 6.1 and each subpart (a) through (e).

## VII. PRAYER FOR RELIEF

7.1 Aledade answers that the relief sought in Paragraph 7.1 and each subpart (a) through (d), should be denied.

## VIII. JURY TRIAL DEMANDED

8.1 Paragraph 8.1 does not assert factual allegations and no response is required.

## **AFFIRMATIVE DEFENSES**

Aledade, in the alternative, and without prejudice to the denials and other statements made in its Answer, states the following Affirmative Defenses. Aledade reserves the right to rely upon additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.

ALEDADE'S ANSWER AND COUNTERCLAIM - 4
(No. 2:21-cv-0410-KKE)

Corr Cronin, LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of laches, waiver, and unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

There is no basis upon which Plaintiff is entitled to recover statutory damages against Aledade.

**FOURTH AFFIRMATIVE DEFENSE**

Aledade did not terminate Plaintiff's employment because of any protected activity engaged in by Plaintiff, and therefore is not liable in any amount. All actions taken by Aledade with regard to Plaintiff were taken for legitimate, non-retaliatory reasons.

**FIFTH AFFIRMATIVE DEFENSE**

If Plaintiff was damaged in any amount, he has failed to mitigate his damages and, therefore, is barred from recovery, or any award of damages to Plaintiff must be proportionately diminished.

**SIXTH AFFIRMATIVE DEFENSE**

There is no basis upon which Plaintiff is entitled to recover attorneys' fees from Aledade.

**SEVENTH AFFIRMATIVE DEFENSE**

Any damages sustained by Plaintiff were caused or contributed to by Plaintiff's own actions or the actions of others over whom Aledade had no control.

**RESERVATION OF RIGHTS**

Aledade gives notice it intends to rely upon any such other defenses as may become apparent or available during discovery proceedings in this case and reserves the right to amend its Answer to assert any such defenses.

**ALEDADE'S COUNTERCLAIM**

Aledade states as follows its Counterclaim against Plaintiff Kushwinder Singh:

ALEDADE'S ANSWER AND COUNTERCLAIM - 5
(No. 2:21-cv-0410-KKE)

Corr Cronin, LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600

### The Parties

1. Aledade is a Delaware corporation with its principal place of business in Maryland.

2. On information and belief, Plaintiff is an individual who resides in the state of Washington.

### Jurisdiction and Venue

3. This Court has jurisdiction over the counterclaim pursuant to the supplemental jurisdiction provision of 28 U.S.C. § 1367. The claims asserted in this counterclaim are related to the claims asserted in the Second Amended Complaint ("SAC") over which this Court has original jurisdiction that they form part of the same case or controversy.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in this District.

### Plaintiff's Employment with Aledade

5. Plaintiff was employed by Aledade from January 4, 2021 to May 10, 2021.

6. Aledade takes reasonable steps to ensure the protection of its proprietary and confidential information. As a result of Plaintiff's access to confidential information, Aledade required Plaintiff to execute a confidentiality agreement during his employment to confirm Plaintiff's commitment to preserving the confidentiality of such information.

7. Prior to Plaintiff's first day of employment and as a condition of his employment, Plaintiff signed Aledade's Employee Proprietary Information and Inventions Agreement ("Proprietary Information Agreement") on December 11, 2020. Under the Agreement, Plaintiff agreed that "[a]t all times during [Plaintiff's] employment by the Company and thereafter, Plaintiff would "hold in strictest confidence" and "not disclose, use, lecture upon or publish any of the Company's Proprietary Information" except as required in connection with his employment for Aledade.

ALEDADE'S ANSWER AND COUNTERCLAIM - 6
(No. 2:21-cv-0410-KKE)

Corr Cronin, LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600

8. For the purposes of the Proprietary Information Agreement, "Proprietary Information" is defined to include "any and all confidential and/or proprietary knowledge, data or information of the Company."

9. Under the Proprietary Information Agreement, Plaintiff also agreed to "hold in strictest confidence" and "not disclose, use, lecture upon or publish any of" Aledade's "Third Party Information" or "Personal Information" except as required in connection with his employment for Aledade.

10. For the purposes of the Proprietary Information Agreement, "Third Party Information" is defined to include "confidential, proprietary, or otherwise private information" that Aledade "received and in the future will receive from third parties."

11. For the purposes of the Proprietary Information Agreement, "Personal Information" is defined to include "personally identifiable information" that Aledade "received and in the future will receive" from "employees, consultants or third parties including names, addresses, telephone or facsimile numbers, Social Security Numbers, background information, credit card or banking information, health information, or other information entrusted to the Company."

12. Under the Proprietary Information Agreement, Plaintiff agreed to safeguard Proprietary Information, Third Party Information, and Personal Information and agreed that he understood that "avoiding loss or theft of Proprietary, Third Party or Personal Information is an important part of [his] duties."

13. Under the Proprietary Information Agreement, Plaintiff agreed that Aledade "may sustain irreparable injury if" Plaintiff violated the Agreement and that in order to limit or prevent such irreparable injury, Aledade "shall have the right to enforce this Agreement and any of its provisions by injunction, specific performance or other equitable relief, without bond and without prejudice to any other rights and remedies that the Company may have for a breach of this Agreement."

ALEDADE'S ANSWER AND COUNTERCLAIM - 7
(No. 2:21-cv-0410-KKE)

Corr Cronin, LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600

14.     Under the Proprietary Information Agreement, Plaintiff agreed when he left the employment of Aledade, he would "deliver to the Company any and all drawings, notes, memoranda, specifications, devices, formulas, and documents, together with all copies thereof, and any other material containing or disclosing any Company Inventions, Third Party Information, Personal Information or Proprietary Information."

15.     Pursuant to the Proprietary Information Agreement, Plaintiff's obligations under the Proprietary Information Agreement "survive the termination" of Plaintiff's employment.

**Plaintiff Discloses and Fails to Return Aledade's Confidential and Proprietary Information**

16.     As an employee of Aledade, Plaintiff understood the value of Aledade's Proprietary Information, Third Party Information, and Personal Information (together, Aledade's "confidential and proprietary information") and the importance of safeguarding such information from disclosure.

17.     Despite Plaintiff's obligations set forth in the Proprietary Information Agreement, upon information and belief, Plaintiff accessed and used Aledade confidential and proprietary information, and privileged information for purposes unrelated to his work for Aledade.

18.     Despite Plaintiff's obligations set forth in the Proprietary Information Agreement, upon information and belief, Plaintiff disclosed Aledade confidential and proprietary information, and privileged information to individuals outside Aledade for purposes unrelated to his work for Aledade.

19.     Despite Plaintiff's obligations set forth in the Proprietary Information Agreement, upon information and belief, Plaintiff failed to return Aledade confidential and proprietary information, and privileged information after his termination from Aledade.

20.     Upon information and belief, Plaintiff downloaded substantial amounts of confidential and proprietary information to USB drives and also emailed confidential and proprietary information outside of Aledade to his personal email address.

ALEDADE'S ANSWER AND COUNTERCLAIM - 8
(No. 2:21-cv-0410-KKE)

Corr Cronin, LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600

21. During Plaintiff's Interim Performance Review with his manager on March 25, 2021, Plaintiff's manager identified that Plaintiff had engaged in improper use of Aledade's confidential and proprietary information. Plaintiff's Interim Performance Review stated, "We understand that you have recently downloaded significant amounts of confidential and proprietary materials to USB drives and have also emailed such information to your personal email address. We know of no business-related purpose for these downloads and emails, which makes the conduct inconsistent with the [Proprietary Information Agreement] that you signed at the start of your employment."

22. On information and belief, Plaintiff accessed, used, and disclosed confidential and proprietary information contained in, without limitation, Aledade slide deck presentations, records of Aledade employee's messages through Aledade messaging applications, Aledade financial reports and tracking spreadsheets, among others, including documents labeled "Confidential & Proprietary" spanning the years 2017 through 2021.

23. Upon information and belief, Plaintiff indiscriminately accessed, used, and disclosed Aledade's confidential and proprietary information spanning at least a five year time period, that was unrelated to his claims under 31 U.S.C. § 3730.

### Count I – Breach of Contract

20. Aledade restates and realleges the foregoing allegations of the Counterclaim as if set forth fully herein.

21. As consideration for Plaintiff's employment by Aledade, Plaintiff entered into the Proprietary Information Agreement with Aledade, which is a valid and enforceable contract.

22. Among other things, the Proprietary Information Agreement prohibited Plaintiff from using, disclosing, and publishing Aledade confidential information other than for the purpose of performing Plaintiff's employment duties at Aledade.

23. The Proprietary Information Agreement forbade Plaintiff to retain possession of any proprietary or confidential information of Aledade.

ALEDADE'S ANSWER AND COUNTERCLAIM  - 9
(No. 2:21-cv-0410-KKE)

Corr Cronin, LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600

24. Pursuant to the Proprietary Information Agreement, Plaintiff's obligation to maintain the confidentiality of Aledade's confidential and proprietary information continued even after his employment ended.

25. As outlined above, Plaintiff breached the Proprietary Information Agreement by (1) wrongfully using and disclosing confidential and proprietary information of Aledade outside the Company, and (2) retaining confidential and proprietary information of Aledade in his possession after his termination.

26. Pursuant to the Proprietary Information Agreement, Plaintiff acknowledged that any breach of the Proprietary Information Agreement would cause irreparable harm to Aledade and would entitle Aledade to obtain injunctive and other relief to enforce Plaintiff's obligation under the Proprietary Information Agreement.

27. As a direct and proximate cause of Plaintiff's breach of Proprietary Information Agreement, Aledade has suffered and will continue to suffer damages in an amount to be determined at trial, plus any other damages, costs, and fees authorized by the Proprietary Information Agreement or applicable law.

28. Plaintiff is liable to Aledade for his breach of the Proprietary Information Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Aledade respectfully prays for relief as follows:

1. Judgement in favor of Aledade on the Counterclaim;

2. An order obligating Plaintiff to return to Aledade all documents, data, or other media containing confidential and proprietary information of Aledade that remain in Plaintiff's possession;

3. That this Court dismiss Plaintiff's Claims with prejudice at Plaintiff's cost;

4. An award in favor of Aledade of all reasonable expenses that the Court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs; and

ALEDADE'S ANSWER AND COUNTERCLAIM - 10
(No. 2:21-cv-0410-KKE)

Corr Cronin, LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600

5. That Defendants be granted all such other relief as the Court deems just and proper under the circumstances of this case.

Dated: October 4, 2024

By: */s/ Jeffrey Coopersmith*
Jeffrey Coopersmith, WSBA No. 30954
CORR CRONIN, LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600
jcoopersmith@corrcronin.com

Nicole E. Henry (*Pro Hac Vice*)
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
NEHenry@mintz.com

Karen S. Lovitch (*Pro Hac Vice)*
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.
555 12th Street NW
Suite 1100
Washington, DC 20004
(202) 434-7300
kslovitch@mintz.com

*Attorneys for Defendant Aledade, Inc*

ALEDADE'S ANSWER AND COUNTERCLAIM - 11
(No. 2:21-cv-0410-KKE)

Corr Cronin, LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600